UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHRISTOPHER DAMONE DAVIS | CIVIL ACTION NO. 3:15-cv-2590 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| POLICE DEPT., CITY OF MONROE, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se plaintiff Christopher Damone Davis, proceeding in forma pauperis, filed the instant civil rights complaint on October 26, 2015.  When he filed his complaint he was a prisoner in the custody of the Texas Department of Corrections. He was incarcerated at the Hodge Unit in W. Rusk, Texas. He was thereafter transferred to the E. Glossbrenner Unit in San Diego, Texas. In any event, he claims that he was the victim of a false arrest on March 9, 2012, by Officer Johnathan D. Chapman of the Monroe, Louisiana, Police Department; he further claims that property was illegally seized and that as a result of the arrest he was falsely imprisoned for a period of 28 months until the charges were ultimately dismissed on April 25, 2014. He sued the City of Monroe, the Monroe Police Department, the SNAP Team, and all officers who worked on March 9, 2012, including Officer Chapman. He claims that $220 was unlawfully seized during the arrest and he seeks the return of that money, an unspecified amount of damages for the false arrest, and compensatory damages of $10 million for the intentional infliction of emotional distress. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

In his original complaint [Doc. 1], plaintiff claimed that on March 9, 2012, he was en route to his cousin's residence when he was approached and detained by Officer Chapman who claimed that plaintiff had been stopped in the middle of the road for 5 minutes. Officer Chapman apparently searched the vehicle, discovered drugs, and arrested and charged plaintiff accordingly. Plaintiff claims he remained in jail for 28 months and was released when the charges were dismissed on April 25, 2014.

In conjunction with his complaint, plaintiff filed as an exhibit, the copy of a Texas Department of Criminal Justice Parole Division Violation Report dated February 26, 2011, which indicates that plaintiff was arrested on March 9, 2012, in Ouachita Parish and that the charges lodged under Docket No. 12F2951were dismissed on April 25, 2014. [Doc. 1-1, p. 1] He also filed a second violation report which indicated that he was arrested on February 7, 2011, and charged with possession of drugs and that those charges, also filed under Docket No. 12F2951 were dismissed on April 25, 2014.

Plaintiffs amended complaint [Doc. 4] alleged that on March 9, 2012, while en route to a friend's house, he was trailed by Officer Chapman who ultimately approached the vehicle plaintiff was operating, asked him for identification and driving license. When he could not produce the documents plaintiff gave the officer his name, Social Security Number and Driver's License Number. He mentioned nothing about the arrest, seizure, or subsequent imprisonment. [Doc. 4]

He included as exhibits a copy of the Affidavit of Probable Cause executed by Chapman following the arrest. According to the statement of probable cause, Chapman observed plaintiff

2

illegally parked. He made contact with plaintiff who could provide no reason for why he was parked at the residence; nor could he produce valid identification. Chapman ordered plaintiff out of the vehicle; he observed plaintiff place his right hand in his right pocket and when he refused to remove his hand from the pocket and continued to struggle, Chapman stunned him with an X-26 Taser, handcuffed him, and searched his pocket. The search produced 40 suspected "crack rocks in a bottle along with $220.00." That affidavit was presented to Judge Charles A. Traylor, II who found probable cause to detain plaintiff on March 14, 2012. [Doc. 4-1, p. 2] Plaintiff also submitted the copy of a "Detainer" lodged by the Texas Department of Corrections which indicated that a motion to suppress was granted and all charges were dismissed on April 25, 2014. [Doc. 4-1, p. 1]

## *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based

3

on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2. Limitations

Plaintiff complains that he was falsely arrested and imprisoned and that money was unlawfully seized from his person on March 9, 2012.

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).  However, the date of accrual for a §1983 claim is a question of federal law.  *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981).  A plaintiff need  not realize that a legal cause of action exists but only that the facts support a claim.  *See Harrison v. United States*, 708 F.2d

1023, 1027 (5th Cir. 1983).  The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Plaintiff's false arrest and imprisonment claims thus accrued on March 14, 2012 when Judge Traylor reviewed the allegations set forth in the "Affidavit of Probable Cause for Arrest Without a Warrant" [Doc. 4-1, p. 2] and determined that probable cause for plaintiff's arrest and detention had been established.  *See  Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued, when a magistrate judge found probable cause to detain [the plaintiff] pending trial.") Under Louisiana law, "Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest. The probable cause determination shall be made by a magistrate and shall not be an adversary proceeding. The determination may be made without the presence of the defendant and may be made upon affidavits or other written evidence..." See La. C.Cr.P. art. 230.2(A) (Emphasis supplied). Thus, the determination of probable cause herein was made in accordance with Louisiana law on March 14, 2012.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).  Plaintiff therefore had 1-year from the date that Judge Traylor made

5

his determination of probable cause,  or until March 14, 2013, at the latest, to file his civil rights complaint claiming false arrest, seizure, and imprisonment and a violation of his Fourth and Fourteenth Amendment rights.  Plaintiff's complaint was filed well  beyond the expiration of the 1-year period of limitations and therefore the complaint should be dismissed as frivolous.[1]

### Conclusion and Recommendation

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

---

[1] Plaintiff may argue that his claim did not accrue until the charges were dismissed and he was released from custody on April 25, 2014. As shown above, that is not a correct statement of the law. However, even if that later date is used to start the 1-year period of limitations, plaintiff's complaint should have been filed on or before April 25, 2015. The complaint filed on October 26, 2015 would still be prescribed.

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, February 8, 2016.


**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**